[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 43, and the defendant wife, 49, whose birth name is Zuccarini, married on June 16, 1990 in Narragansett, Rhode Island. The allegations of the complaint are all found to be proven and true, no child has been born to the defendant since the marriage.
Throughout the marriage the plaintiff was and is a hairdresser. He is a high school graduate and a graduate of hairdressing school. He has a 14 year old child from a previous marriage for whom he pays $100.00 weekly. He is also responsible for 50% of her unreimbursed medical expenses.
The defendant was a secretary with earning capacity at the time she married the plaintiff. It is her third marriage. In 1995 she was certified as a fitness instructor. She continues in this occupation on a part-time basis earning $30.00 each class. Currently she is receiving Social Security Disability of $910.00 monthly.
Each party disputes the income of the other. As a hairdresser the plaintiff is paid 40% of the total each customer pays to Noelle's, his employer. He also receives tips. His year to date gross pay through the pay period ending April 13, 1999 is $18,716.80 (Defendant's Exhibit F), a total of 14 weeks, for an average of #1,337.00 weekly. In order to validate the employer's pay statement for the week ended March 13, 1999 (Defendant's Exhibit E) reference is made to defendant's Exhibit B, a running daily calculation of the plaintiff's services as follows:
Services
 3/9 $605.00 3/10 $455.00 3/11 $865.00 CT Page 9055 3/12 $500.00 3/13 $770.00
$3,195.00 (Plaintiff's 40% Share) $1,278.00 Product $ 12.19
Commission $1,290.19 Gross pay
The court concludes that the plaintiff's average weekly gross income in this year through April is $1,337.00. To this must be added the plaintiff's tip income. The plaintiff has not advised his employer of any tip income for 1999. His financial affidavit states monthly tips to be $1,720.00 gross less taxes of $645.00 leaving net monthly income of $1,085.00. The court finds the testimony of the employee of Noelle's, Gloria Gacher, to be unpersuasive.
Defendant's Exhibit F lists as plaintiff's deductions for the week ended April 3, 1999 the following:
 Federal withholding tax $219.88 Soc. Security 68.77 Medicare 16.08 State withholding tax 47.03
Total 351.76 Net pay 57.43
Gross pay $1,109.19
 (Tips averaged) 1,250.00 (1085/4.33)
 Disposable net Income $1,359.79 Less child Support 100.00
Balance $1,259.79
The court concludes that the plaintiff earns, on average, $1,400.00 net of taxes each week and $1,300.00 weekly after child support is paid.
The defendant has received annual gifts from her parents of $20,000.00, the most recent received in July, 1997 or 1998. The court considers these gifts as income to the defendant in order to arrive at an alimony order, Anderson v. Anderson, CT Page 9056191 Conn. 46; Rubin v. Rubin, 7 Conn. App. 735.
The Plaintiff also has a late model luxury auto at his disposal, owned and purchased by his father in October, 1998.
The plaintiff's affidavit lists a monthly deficit of expenses over income of $2,445.10. The defendant's affidavit lists a monthly deficit of expenses over income of $448.39 after adding the alimony order of $600.00 weekly to the $910.00 disability income and the $60.00 weekly, a reasonable average from the courses. The court questions the accuracy of both affidavits as reflecting actual expenses, Watson v. Watson, 20 Conn. App. 551,558 (1990)
The parties invested $160,000.00 with IRA and Ruth Miner. There has been no return, accounting or recovery. The defendant has commenced an action in this court, # CV-99-0169950 seeking recovery of $80,000.00. The investment was made with joint funds.
When first married the plaintiff moved into the defendant's condominium unit listed as 25 Second Street, Unit C-4, Stamford, CT valued by the defendant at $148,000.00 subject to a mortgage balance of $66,191.00. Although the plaintiff testified he contributed to new carpeting and tile installed about 30 months ago, the court views same as maintenance, not improvements. A secretary desk, a black bureau and a man's diamond ring are claimed by the plaintiff who seeks an order regarding them. The defendant disputes his chains and denies she has the ring.
The defendant has shifted money from her account at people's (plaintiff's exhibit #9) to an account jointly held by herself and her sister in the sum of $10,937.00 now containing $3092.00. The defendant lists several other bank savings accounts:
 First Union $ 3,165.73 People's Savings $ 8,755.80 CD $16,366.00
Total Savings $28,287.53
No interest income is listed by the defendant.
She has IRA accounts totaling $23,552.00. The plaintiff lists deferred assets totaling $45,875.93. He lists bank accounts totaling $680.00. CT Page 9057
There are income tax refunds totaling $8,514.00 presently in escrow consisting of the following stipulated amounts:
 IRS 1997 $7,687. 00 Conn. 1997 $ 462. 00 Conn. 1997 $ 215.00 Rebate $ 150.00
The plaintiff attributes the marriage breakdown to the stresses of the marriage. The defendant believes her illness and resulting disability caused the breakdown. Either view does not give rise to a finding of fault. The plaintiff testified to having a herniated disc and kidney stones but these conditions do not seem to hamper his working.
The court has reviewed the testimony, evaluated the witnesses and documents in evidence, all in light of § 46b-81, § 46b-82, and other relevant law in arriving at the following decree.
1. Judgment is rendered dissolving the marriage on the ground of irretrievable breakdown.
2. The plaintiff shall pay to the defendant, as periodic alimony, the sum of $400.00 weekly, until the death of either party, the remarriage of the defendant, or future court order. §46b-86 applies to this order. A wage withholding order is entered.
3. The defendant shall retain the real estate known as 25 Second Street, Stamford, as her sole property.
4. The court having taken judicial notice of the contents of the court file in the matter of Pamela Tevolini v. Miner et al which bears Docket No. CV 99-0169950S, and the parties to the within action having stipulated on the record during the trial of this action that, of the $160,000.00 investment with IRA and Ruth Miner, each had contributed $80,000.00, it is ordered:
That each party shall be the sole owner of all rights arising out of $80,000.00 of the investment with IRA and Ruth Miner.
5. The escrowed tax refund funds shall be divided equally after paying the preparer for his services if any be due.
6. The following items of personal property still in CT Page 9058 possession of the defendant at her residence shall be returned to the plaintiff:
 An air conditioner Heavy bag guitar plaintiffs birth certificate one clay pot plaintiff's passport a circular saw
The defendant shall retain the secretary desk.
7. Each party shall retain the remaining assets as listed on the respective financial affidavit.
8. Each party shall be solely responsible for the liabilities listed on the respective affidavits. Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.